IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEROME DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3002 |
| | ) | |
| vs. | ) | PRISONER PAYMENT ORDER |
| | ) | and |
| DR. DANAHER , et al., | ) | ORDER ON INITIAL REVIEW |
| | ) | |
| Defendants. | ) | |

The plaintiff, a prisoner, has filed a civil complaint and a motion to proceed in forma pauperis ("IFP") (filing no. 2). The court has received a certified copy of the plaintiff's trust account information (filing no. 3). The plaintiff is permitted to proceed IFP.

## Prisoner Payment Order

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner is required to pay the full amount of the court's $250 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP.[1]  28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001).

First, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. I find that the plaintiff's initial partial filing fee is **$2.48**. Payment of the initial partial filing fee must be received by **March 3, 2006**, in the absence of which this matter may be subject to dismissal. The plaintiff may request an extension of time .

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court.  28 U.S.C. § 1915(b).  Therefore, after payment of the initial partial filing fee, the remaining installments shall be collected pursuant to 28 U.S.C. § 1915(b)(2):

---

[1]THE "THREE STRIKES" RULE**:**  If this action is later dismissed as frivolous, malicious, or for failure to state a claim, then the dismissal can count against the prisoner for purposes of the "three-strikes" rule in 28 U.S.C. § 1915(g).  The three-strikes rule means that if a prisoner's complaints are dismissed on 3 occasions as frivolous, malicious, or for failure to state a claim, the prisoner may not proceed in forma pauperis thereafter in future complaints and appeals, unless, pursuant to the only exception to this rule, the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The Clerk of Court shall send a copy of this Order to the appropriate financial official at the plaintiff's institution. The plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001) .

## Initial Review

Also before the court is filing no. 6, the plaintiff's Motion for Leave to File an Amended Complaint. Filing no. 6 is granted, and the plaintiff shall have until February 17, 2006 to file an Amended Complaint updating and restating all of his claims in one document. In the meantime, the court will conduct initial review.

The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, complaining about the medical care he is receiving from Dr. Danaher at the Nebraska State Penitentiary. Because the complaint does not specify whether Dr. Danaher is sued in his individual capacity, official capacity, or both capacities, the law presumes that he is sued only in an official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a state employee, in his or her official capacity, is in reality a claim against the entity that employs the officer, i.e., the State. The other defendant in this case is the Nebraska Department of Correctional Services ("DCS") an agency of the State. Therefore, at this time, the only defendant in this case is the State of Nebraska.

Because of the State's sovereign immunity recognized and preserved by the Eleventh Amendment to the United States Constitution, the plaintiff cannot recover any monetary relief from the State. See, e.g., Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'..." (Citations omitted.) No waiver of sovereign immunity applies to this case.

In addition, 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not *complete* the available grievance procedures before filing this lawsuit, the plaintiff's claims may be subject to dismissal without prejudice. I note that the plaintiff has not attached any grievances to his complaint.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages.

This case is assigned to the docket of Senior District Judge Lyle E. Strom. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be summarily dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will undertake service of process, after the plaintiff completes the appropriate forms.

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's motion to proceed IFP, is granted, and the plaintiff's initial partial filing fee of **$2.48** shall be collected by the plaintiff's institution and remitted to the court on or before **March 3, 2006**; thereafter, the plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2);

2. That filing no. 6, the plaintiff's Motion for Leave to File an Amended Complaint, is granted, and the plaintiff shall have until February 17, 2006 to file an Amended Complaint updating and restating all of his claims in one document;

3. That the Clerk of Court shall send a copy of this order to the appropriate official at the plaintiff's institution;

4. That the Clerk of Court shall provide the plaintiff with a copy of this order and ONE summons form along with ONE Form 285 for service of process on the State of Nebraska (i.e., Dr. Danaher in his official capacity and DCS, a state agency);

5. That when completing the forms for service of process, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General;" the address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509;

6. That the plaintiff shall, as soon as possible, send the completed summons and 285

forms back to the Clerk of Court, as in the absence of the completed forms, service of process cannot occur; upon receipt of the completed forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint (which the court will copy for the plaintiff), to the U.S. Marshal for service of process; the Marshal shall serve the summons and complaint without payment of costs or fees; service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal;

      7.     That Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint, and failure to do so can result in dismissal; if service has been obtained on no defendant by the 120-day deadline, the Clerk of Court shall bring this case to the attention of the court;

      8.     That a defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint; after a defendant enters an appearance, the plaintiff must serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future communication to the court; parties usually serve copies of documents on other parties by first class mail.

      9.     That the plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to each defendant or the attorney of any represented defendant; failure to do so violates court rules;

      10.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court; and the plaintiff must keep the court informed of his current address at all times while this case is pending; failure to do so may result in dismissal.

     DATED this 27th day of January, 2006.

                                 BY THE COURT:

                                 s/ F. A. GOSSETT
                                 United States Magistrate Judge