IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEROME DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3002 |
| | ) | |
| v. | ) | |
| | ) | |
| DR. DANAHER, et al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the motion for
preliminary injunction and temporary restraining order (Filing
No. 5), filed by the plaintiff, Jerome Davis, a prisoner in the
custody of the Nebraska Department of Correctional Services
("DCS"), and defendants' motions to dismiss (Filing Nos. 15 and
24).  The plaintiff filed this action complaining of back pain
and the medical care he has received from DCS and defendant --
Dr. Danaher, a physician who provides medical services to inmates
in DCS custody.  In his Amended Complaint (Filing No. 8), the
plaintiff seeks monetary, declaratory and injunctive relief from
DCS and Dr. Danaher in his individual and official capacities.

## Motions to Dismiss

In their motions to dismiss, the defendants note that
service of process has been accomplished only as to DCS and Dr.
Danaher in his official capacity.  Both DCS as a state agency and

Dr. Danaher in his official capacity are, in law, the equivalent of the State of Nebraska.[1]

The defendants point out that damages may not be recovered from the State of Nebraska.  The state's sovereign immunity, recognized by the Eleventh Amendment to the United States Constitution, bars claims for monetary relief by private parties against a state, a state agency or an employee of a state in his or her official capacity.  *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

Moreover, a suit may be brought under 42 U.S.C. § 1983 only against a "person" who acted under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  However, a state is not a "person" who may be sued under 42 U.S.C. § 1983.  *Hilton v. South Carolina Public Railways Com'n*, 502 U.S. 197, 199-201 (1991), *citing Will v. Michigan*

---

[1] DCS, a state agency, lacks the capacity to sue and be sued in its own name.  Instead, DCS is construed as the State of Nebraska.  Similarly, a suit against a public employee in his or her official capacity is actually a suit against the public employer.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Thus, a claim against a state employee, in his or her official capacity, is in reality a claim against the state itself, as the entity that employs the officer.  *See also Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996): "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (Citation omitted.)

*Dept. of State Police*, 491 U.S. 58 (1989).  Although a "person" who may be sued pursuant to 42 U.S.C. § 1983 does include a state employee in his or her *individual* capacity, *Hafer v. Melo*, 502 U.S. 21 (1991), the plaintiff has not served Dr. Danaher in his individual capacity or requested an extension of time to do so.

Therefore, the defendants' Motions to Dismiss will be granted in part.  Insofar as the plaintiff seeks damages in this action, his claims for damages against the State of Nebraska (DCS and Dr. Danaher in his official capacity) are barred.

### Other Relief - Show Cause - Exhaustion of Remedies

While the plaintiff's claims for declaratory and injunctive relief are not affected by the defendants' Motions to Dismiss, the plaintiff's complaint and amended complaint do not clearly indicate whether he has exhausted his administrative remedies.  The plaintiff is an experienced litigator, having filed six cases during the last year and five months as a prisoner.  In this case, the plaintiff's pleadings are ambiguous concerning whether he fulfilled the requirements established by the Nebraska State Penitentiary for exhaustion of grievances before the plaintiff filed this lawsuit.

Title 42, U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") states:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or

-3-

any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Title 42, U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance process, including any appeals which are part of the grievance process, before filing this lawsuit, the plaintiff's claims are subject to dismissal without prejudice. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory"); *Booth v. Churner*, 532 U.S. 731, 733-34 (2001) (exhaustion is mandatory). *Accord Lyon v. Del Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Completion of the grievance process is necessary even after a plaintiff has suffered harm and even when the grievance is too late to prevent harm. *Thomas v. Woolum*, 337 F.3d 720, 733-35 (6th Cir. 2003). Thus, exhaustion of administrative remedies is required even when a prisoner believes, perhaps even with reason, that filing grievances will lead to no relief. Dismissal is required when an inmate has not exhausted administrative remedies as to all claims *before* filing a lawsuit. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). However. a dismissal pursuant to 42 U.S.C. § 1997e(a) is without

prejudice.  *Castano v. Nebraska Dept. of Corrections*, 201 F.3d 1023, 1025 (8th Cir.), *cert. denied*, 531 U.S. 913 (2000).

In light of the foregoing limitations on prisoner litigation, the plaintiff shall show cause whether he exhausted his administrative remedies by complying with the grievance procedures at the NSP before he filed the above-entitled case.

IT IS ORDERED:

1)  That defendants' motions to dismiss (Filing Nos. 15 and 24), are granted insofar as the plaintiff's claims for damages against the State of Nebraska (DCS and Dr. Danaher in his official capacity) are dismissed, but the plaintiff's claims for declaratory and injunctive relief are not dismissed;

2)  That consideration of plaintiff's motion for preliminary injunction and temporary restraining order (Filing No. 5) is deferred until the plaintiff has established that he exhausted his administrative remedies before filing his complaint in the above-entitled case;

3)  That by June 14, 2006, the plaintiff shall file a "Response to Order to Show Cause" in which he shall demonstrate that he filed the necessary grievances to exhaust his claims;

4)  That by June 28, 2006, the defendants may respond to the plaintiff's showing of exhaustion of administrative remedies; and

-5-

5)   That in the absence of a timely and sufficient demonstration of exhaustion of administrative remedies, this action may be subject, without further notice, to dismissal without prejudice.

DATED this 18th day of May, 2006.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court