IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
JEROME DAVIS,                  )
                               )
           Plaintiff,          )         4:06CV3002
                               )
      v.                       )
                               )
DR. DANAHER, et al.,           )         MEMORANDUM OPINION
                               )
           Defendants.         )
_____)
```

      This matter is before the Court on the Motion for Preliminary Injunction and Temporary Restraining Order (Filing No. 5) filed by the plaintiff, Jerome Davis, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), and on the Memorandum and Order of May 18, 2006 (Filing No. 33), in which the Court ordered the plaintiff to show cause whether he had exhausted his administrative remedies before filing his complaint initiating this litigation. The plaintiff is an experienced litigator, having filed six cases and a variety of appeals during the past year and five months as a prisoner. In this case, the plaintiff's pleadings are ambiguous concerning whether he fulfilled the requirements established by the Nebraska State Penitentiary for exhaustion of grievances before the plaintiff filed this lawsuit.

      Title 42, U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") states: "No action shall be brought with

respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Title 42, U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance process, including any administrative appeals which are part of the prison remedial system, before filing this lawsuit, the plaintiff's claims are subject to dismissal without prejudice.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory"); *Booth v. Churner*, 532 U.S. 731, 733-34 (2001) (exhaustion is mandatory).  *Accord Lyon v. Del Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002).  Completion of the grievance process is necessary even after a plaintiff has suffered harm and even when a grievance is too late to prevent harm.  *Thomas v. Woolum*, 337 F.3d 720, 733-35 (6th Cir. 2003).  Thus, exhaustion of administrative remedies is required even when a prisoner believes, perhaps even with reason, that filing grievances will lead to no relief.  Dismissal is required when an inmate has not exhausted administrative remedies as to all claims *before* filing a lawsuit.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).  However, a dismissal pursuant to 42 U.S.C.

§ 1997e(a) is without prejudice.  *Castano v. Nebraska Dept. of Corrections*, 201 F.3d 1023, 1025 (8th Cir.), *cert. denied*, 531 U.S. 913 (2000).

Therefore, the Court imposed a deadline of June 14, 2006, by which the plaintiff was ordered to file a "Response to Order to Show Cause" demonstrating that he had submitted the necessary prison grievances and administrative appeals to exhaust his claims before filing this lawsuit.  The Court warned the plaintiff that, in the absence of a timely and sufficient demonstration of exhaustion of administrative remedies, this action could be subject, without further notice, to dismissal without prejudice.  The plaintiff has failed to make the required showing.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 20th day of June, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, District Judge
United States District Court